Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 700 | **DATE** | 10/22/2001 |
| **CASE TITLE** | Cheryl Geist vs. Glenkirk | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss the complaint is denied. Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 23 2001 date docketed | 33 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | 01 OCT 22 AM 11:47 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHERYL GEIST, )
)
    Plaintiff, ) 01 C 0700
)
v. ) Judge George W. Lindberg
)
GLENKIRK, )
)
    Defendant. )

**MEMORANDUM OPINION AND ORDER**

Defendant, Glenkirk, has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's amended complaint, which alleges sexual discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 to -3, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d). For the reasons stated below, defendant's motion to dismiss is denied.

**I. Factual Background**

For the purposes of this ruling, this Court assumes the truth of all plaintiff's allegations and draws all reasonable inferences in her favor. See Holman v. Indiana, 211 F.3d 399, 402 (7th Cir.), cert. denied, 531 U.S. 880 (2000). Plaintiff is a female resident of Spring Grove, Illinois. In 1984, defendant, a not-for-profit social service agency, hired plaintiff as a child-care worker. Over the years, plaintiff's supervisors gave plaintiff positive reviews and promoted her several times. Ultimately plaintiff assumed the role of Director, Management Services, Building and Grounds Department.[1] In this role, defendant paid plaintiff substantially less than male employees who had similar duties and responsibilities.

---

[1] The complaint also refers to this department as the maintenance department.

1

While plaintiff worked as Director of Building and Grounds, one of the maintenance employees, Jim Anteloc, physically intimidated, threatened, and stalked plaintiff both at home and at work. Anteloc also directed some of his threatening and intimidating behavior toward male employees, but plaintiff alleges that Anteloc's behavior had a "disparate" impact on her because of her gender, smaller stature, and limited ability to defend herself as compared to her male co-workers. Defendant transferred Anteloc away from plaintiff's supervision.

In May 2000, plaintiff complained to defendant that she was paid less than her male counterparts. Defendant performed a job comparison study, determined that plaintiff was paid less, and promised to increase her salary. In June 2000, defendant placed plaintiff under the supervision of a new vice president. Subsequently, the vice president put a hold on plaintiff's pay increase and treated her in an "offensive and hostile manner" because of her gender. Also in June 2000, defendant's Vice President of Management Services told plaintiff that she was a "woman working in a man's world," that he had the authority to terminate her, and that he would terminate her if she did not behave as a "team-player."[2]

Plaintiff complained to her supervising vice president about his conduct, and in late July 2000 plaintiff told him and defendant's Vice President of Human Resources that she would file a formal discrimination complaint if her compensation was not addressed before her scheduled vacation. Defendant did not do so, and plaintiff left on vacation. While plaintiff was on vacation, her supervising vice president reassigned Anteloc to plaintiff's supervision without taking any measures to ensure that Anteloc would not repeat his hostile and offensive behavior. Plaintiff alleges that the supervising vice president reassigned Anteloc in retaliation for her threat to file a discrimination suit against him.

---

[2] It appears that the supervising vice president and the Vice President of Management Services may be the same individual. However, the complaint is not clear as to this fact.

2

On August 31, 2000, plaintiff filed a complaint with the EEOC.[3] She checked the boxes marked discrimination based on "sex," "retaliation," and "equal pay" as the bases of her claims. In the "particulars" section, plaintiff wrote the following description:

> I have been a Director of Building and Grounds since 1995. My salary was never equal to the male who held my position previously. He made over $40,000 while I made $32,500. Beginning in May, 2000 I complained to management about this different pay. Management subsequently placed a co-worker back under my supervision who had previously been removed from my department because he was physically intimidating. On August 18, 2000 I was constructively discharged.
>
> I believe I was retaliated against and discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, and in violation of the Equal Pay Act . . .

Plaintiff received a Notice of Right to Sue from the EEOC and filed a complaint pro se. Subsequently, this Court appointed counsel and granted leave to amend the complaint. The amended complaint states four claims. Counts I and II allege sex discrimination regarding plaintiff's compensation, with Count I alleging a violation of Title VII of the Civil Rights Act of 1964 and Count II alleging a violation of the Equal Pay Act of 1963. Count III alleges sex discrimination based on a hostile work environment. Count IV alleges retaliation.

Defendant filed a motion to dismiss plaintiff's complaint. In its motion, defendant first argues that Count I should be dismissed because it is untimely. Next, defendant argues that Count II should be dismissed because plaintiff does not allege she held a position equal to a male employee who received a higher wage. Third, defendant argues that Count III should be dismissed because plaintiff's hostile work environment claim is beyond the scope of her EEOC allegations and plaintiff's alleged harassment does not amount to sexual harassment. Defendant

---

[3] Defendant attached plaintiff's EEOC charge to its motion. As this court has stated before, an EEOC charge is central to a plaintiff's discrimination claim. See Perkins v. Univ. of Illinois at Chicago, No. 95 C 4320, 1995 WL 680758, at *3 (N.D. Ill. Nov. 14, 1995) ("EEOC charges are documents that, if not attached to the complaint, are central to plaintiff's claim and so can be considered if referred to in the complaint and attached to defendant's motion to dismiss."). Accordingly, although plaintiff did not attach the charge to her complaint, this court can consider its contents. See generally Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).

3

argues that Court IV should be dismissed because the reassignment of Anteloc does not amount to an adverse employment action against plaintiff and because plaintiff's working conditions were not so intolerable as to warrant a finding of constructive discharge.

**II. Standard of Review**

Rule 12(b)(6) provides that a party to a lawsuit may move to dismiss for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether a complaint fails to state a claim, a court must view the complaint's allegations in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Holman, 211 F.3d at 402. A court must draw all reasonable inferences in favor of the plaintiff. Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir. 1996). No claim should be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Plaintiffs may not allege, however, mere legal conclusions, Kunik v. Racine County, Wis., 946 F.2d 1574, 1579 (7th Cir. 1991); rather, plaintiffs must provide direct or circumstantial allegations concerning each necessary element of their legal theory. White v. Cooper, 55 F. Supp. 2d 848, 853 (N.D. Ill. 1999).

**III. Discussion**

**A. Compensation under Title VII**

Defendant first contends that Count I should be dismissed because it was not filed within the statute of limitations applicable to Title VII claims. Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To bring suit under Title VII, an individual must

file a charge with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e); Shanoff v. Dept. of Human Servs., 258 F.3d 696, 701 (7th Cir. 2001). Failure to file the charge within the specified time period bars any subsequent civil rights suits. Snider v. Belvidere Township, 216 F.3d 616, 618 (7th Cir. 2000).

Plaintiff's complaint alleges a pay disparity during the time she was Director of Management Services, which the court reads from the EEOC charge to have lasted from 1995 to her constructive discharge on August 18, 2000. Plaintiff filed her complaint with the EEOC on August 31, 2000. Thus, at a minimum plaintiff alleges discrimination within 300 days of the filing of her EEOC charge.[4]

### B. Equal Pay Act

Defendant next argues that this Court should dismiss Count II because plaintiff did not allege that she ever held a position equal to a male employee who was paid more. The entirety of this argument is based on facts contained in an affidavit attached to defendant's motion. On a motion to dismiss, when a party submits materials outside the pleadings, a court has discretion to convert the motion into a motion for summary judgment. Fed. R. Civ. P. 12(b); St. Paul Ins. Co. v. AFIA Worldwide Ins. Co., 937 F.2d 274, 279 (5th Cir. 1991). This Court has ordered, however, that it will treat defendant's motion as a motion to dismiss and will not consider materials outside the four corners of the complaint. See E.E.O.C. v. Park Ridge Pub. Library, 856 F. Supp. 477, 480 (N.D. Ill. 1994); Burick v. Edward Rose & Sons, 18 F.3d 514, 516 (7th Cir. 1994) (motion to dismiss may not be converted into a motion for summary judgment without giving plaintiff a reasonable opportunity to present pertinent material). Accordingly, the motion to dismiss Count II is denied.

---

[4] Having found that plaintiff has alleged discrimination during the 300 days, at this stage of litigation the Court need not reach the issue of whether conduct prior to the 300 days should be considered pursuant to the continuing violation doctrine.

5

Defendant also argued for the first time in its reply brief that Count II should be dismissed for untimeliness. This Court will not consider defendant's untimeliness argument, however, because it was not raised in defendant's motion and therefore is waived. See Hentosh v. Herman M. Finch Univ. of Health Sci./The Chicago Med. Sch., 167 F.3d 1170, 1173 (7th Cir. 1999) ("Arguments not raised in an opening brief are waived.").

### C. Hostile Work Environment

Defendant next contends that Count III, plaintiff's hostile work environment claim, should be dismissed because it is beyond the scope of her EEOC charge and it does not allege harassment because of sex. Defendant's motion to dismiss is denied as to Count III.

### 1. Scope of EEOC Charge

In general, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge. Taylor v. W. & S. Life Ins. Co., 966 F.2d 1188, 1194 (7th Cir. 1992). The rationale is that EEOC claims are intended to give the charged parties notice of the alleged discrimination and the EEOC an opportunity to investigate and remedy any wrongdoing. Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir. 1985). Allowing a plaintiff to file claims outside the scope of her EEOC charge would thwart the function of the EEOC and unfairly deny the charged party notice. See Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994).

An exception exists for claims that are "reasonably related" or grow out of the allegations in the EEOC charge. Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir. 1976). Courts apply this standard liberally, recognizing that laypeople write EEOC charges. Id. Thus, it would be unfair to exclude allegations in a plaintiff's complaint simply because she was unable to thoroughly describe the type of discrimination to which she was subjected. Id. at 168

("To compel the charging party to specifically articulate . . . the full panoply of discrimination . . . may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected . . .") (quoting Willis v. Chicago Extruded Metals Co., 375 F. Supp. 362, 365-66 (N.D. Ill. 1974)).

Defendant contends that Count III should be dismissed because plaintiff's EEOC charge does not contain specific references to sexual harassment or a hostile work environment. Defendant further argues that neither the act of checking the box for sex discrimination on the EEOC claim form nor alleging in her claim that her co-worker was intimidating suffices to give notice of the hostile work environment claim in Count III of the complaint. However, it is well established that an EEOC charge need not allege "each and every fact" that combines to form the basis of a complaint. Cheek, 31 F.3d at 500. It is sufficient that the EEOC charge and complaint be reasonably related. See Jenkins, 538 F.2d at 167. To be reasonably related, a complaint and EEOC charge must describe the *same conduct* and implicate the *same individuals*. Cheek, 31 F.3d at 501.

Defendant's reliance on Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 501 (1994), in support of its contention that plaintiff's EEOC charge does not support her hostile work environment claim is misplaced. In Cheek, an insurance sales representative filed an EEOC charge against her employer, alleging that she was "constantly intimidated" by her sales manager and forced to pay her clients' insurance premiums. Id. at 499. The sales representative also checked the "sex" discrimination box as one of the bases of her charge. Id. at 500. The sales representative then brought suit against her employer in federal court. Id. at 499. Among the allegations in her complaint, the sales representative alleged that her district manager created a

7

hostile work environment by sexually harassing her and other female employees. Id. The district court granted the employer's motion for summary judgment. Id. The sales representative appealed, and the Seventh Circuit affirmed. Id. at 498.

On appeal, the Seventh Circuit stated that for allegations in a complaint to be "like or reasonably related to" allegations in an EEOC charge, the allegations must at least describe the same conduct and implicate the same individuals. Id. at 501. The Court then determined that the sales representative's hostile work environment claim did not arise out of her EEOC charge because it did not describe the same conduct or implicate the same individuals. Id. at 502. The sales representative's EEOC charge described intimidation and forced payment of premiums and implicated her sales manager, while her complaint described sexual harassment and implicated her district manager. Id. The court then stated that it could "conceive of circumstances under which a claim of sexual harassment could be inferred from [the sales representative's EEOC claim]," but that such an inference would be unreasonable based on the facts presented because the conduct and individuals in her EEOC charge and complaint did not match. Id. at 504.

Thus, the lesson from Cheek is not as defendant suggests—that the word "intimidating" and the checked sex discrimination box are insufficient to give notice of a sexual harassment claim. Rather, the lesson is that allegations in a complaint must describe the same conduct and implicate the same individuals as allegations in the EEOC charge. This reading preserves the integrity of the EEOC complaint process by affording the EEOC and employers notice of the claims, while not requiring those who file EEOC charges to elucidate their claims with lawyer-like proficiency.

Unlike the complaint in Cheek, here plaintiff's complaint is reasonably related to her EEOC charge because it describes the same conduct and implicates the same individuals. On her

8

EEOC form, plaintiff checked the "sex" discrimination box, and alleged she was retaliated against "because of" her sex when management placed a co-worker back under her supervision who had been removed because he was "physically intimidating." Similarly, plaintiff's complaint alleges a hostile work environment based on gender discrimination and specifically alleges that the same co-worker physically intimidated her. Further, even though the focus of plaintiff's EEOC charge was retaliation, one could expect that the EEOC investigation would have grown to look at the discrimination involved in the male co-worker's conduct. Thus, Count III is reasonably related to plaintiff's EEOC charge.

## 2. Harassment Because of Sex

Defendant also argues that plaintiff's hostile work environment claim should be dismissed because it does not allege harassment because of sex. Specifically, defendant argues that this count fails to state a claim because it does not allege that the conduct was sexual and because it alleges that Anteloc harassed both men and women. Harassment is defined as "conduct that unreasonably interferes with a person's work performance or creates an intimidating, hostile, or offensive work environment." Ngeunjuntr v. Metro. Life Ins. Co., 146 F.3d 464, 467 (7th Cir. 1998). Not all harassment, however, is actionable under Title VII. For conduct to be actionable under Title VII, it must be "sufficiently severe or pervasive that a reasonable person would find it hostile and which the victim himself subjectively sees as abuse." Id. Contrary to defendant's contention, plaintiff need not allege sexual harassment to maintain a hostile environment claim based on gender discrimination. See Berry v. Delta Airlines, Inc., 260 F.3d 803, 810-11 (7th Cir. 2001).

Defendant is correct in pointing out that Title VII does not prohibit "equal opportunity" harassment. "Harassment that is inflicted without regard to gender, that is, where males and

females in the same setting do not receive disparate treatment, is not actionable because the harassment is not based on sex." Pasqua v. Metro. Life Ins. Co., 101 F.3d 514, 517 (7th Cir. 1996). However, plaintiff's allegation that "some" of Anteloc's conduct was directed at both men and women raises a factual issue that would be inappropriate to resolve at this early stage of litigation. Moreover, plaintiff also alleges that Anteloc stalked her, and the Seventh Circuit has recently noted that stalking is a characteristic form of male aggression against women. See Frazier v. Delco Elec. Corp., 263 F.3d 663, 667 (7th Cir. 2001). Plaintiff's allegations are sufficient to withstand a motion to dismiss.

### D. Retaliation & Constructive Discharge

Defendant next argues that plaintiff's retaliation claim is insufficient because the reassignment of a co-worker does not constitute an adverse employment action and because the complaint does not state a claim for constructive discharge. To state a claim of retaliation, plaintiff must allege that: (1) she was engaged in a protected activity under Title VII, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action. Stutler v. Illinois Dept. of Corr., 263 F.3d 698, 702 (7th Cir. 2001). A broad range of conduct may be considered retaliatory; the law does not take a "laundry list" approach to retaliation because "its forms are as varied as the human imagination will permit." Knox v. State of Indiana, 93 F.3d 1327, 1334 (7th Cir. 1996) (holding that co-worker campaign of vicious gossip and profanity aimed at making plaintiff's life "hell" constituted an adverse employment action). However, the retaliatory conduct must materially alter the terms and conditions of employment. Stutler, 263 F.3d at 703.

Constructive discharge is a classic example of an adverse employment action. Heuer v. Weil-McLain, 203 F.3d 1021, 1023 (7th Cir. 2000). To state a claim of constructive discharge, a

complaint must allege: (1) working conditions so intolerable that a reasonable person would be compelled to resign and (2) that the conditions were intolerable because of unlawful discrimination. Simpson v. Borg-Warner Auto., Inc., 196 F.3d 873, 877 (7th Cir. 1999). A determination as to whether conditions are sufficiently intolerable to support a claim of conditional discharge in this case would require a factual review better suited for summary judgment. Here, plaintiff was engaged in a protected activity by threatening to file a formal discrimination charge. See E.E.O.C. v. L.B. Foster Co., 123 F.3d 746, 754 (3rd Cir. 1997), cert. denied, 522 U.S. 1147 (1998); 42 U.S.C. 2000e-3 (a). In response to plaintiff's threat to file, defendant reassigned a co-worker who had formerly stalked, threatened, and intimidated plaintiff back under plaintiff's supervision. As a result, according to plaintiff, she was constructively discharged. One can reasonably infer that such reassignment would cause plaintiff's working conditions to be so intolerable as to compel her to resign. These allegations are enough to survive a motion to dismiss. Therefore, defendant's motion to dismiss is denied as to Count IV.

**ORDERED:** The motion to dismiss the complaint is denied.

ENTER:

George W. Lindberg
Senior U. S. District Judge

DATED: **OCT 2 2 2001**

11